FILED
AUG 3 1 2012
STEPHEN C. WILLIAMS
U.S. MAGISTRATE JUDGE
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN THE MATTER OF THE SEARCH OF )
)
**A Security System Digital Video Recorder,** )
**Model A-ADRP9E-240, and a First Alert** )
**Household Fire and Burglary and Warning** )
**System Control Unit, Enclosure Issue #AZ-2842,** )   MISC. NO. 12-mj-7068-SCW
**containing an Alarm System Control Panel,** )
**currently located at Almost Country Storage,** )   **FILED UNDER SEAL**
**Inc., Storage Unit #841, 120 Troy Road,** )
**Collinsville, IL 62234.** )

## APPLICATION AND AFFIDAVIT
## FOR SEARCH WARRANT

I, Kurt S. Franzi, being duly sworn, depose and say:

I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, and have reason to believe that located within the items:

> A Security System Digital Video Recorder, Model A-ADRP9E-240, and a First Alert Household Fire and Burglary and Warning System Control Unit, Enclosure Issue # AZ-2842, containing an Alarm System Control Panel, currently located at Almost Country Storage Inc., Storage Unit # 841, 120 Troy Road, Collinsville, IL 62234,

which are located within the Southern District of Illinois, there is now concealed certain electronically stored data, including:

**SEE ATTACHED LISTS ENTITLED "ATTACHMENT A" AND "ATTACHMENT B"**

which constitutes evidence of the commission of a criminal offense in violation of Title 18, United States Code, Section 844(i), specifically evidence related to the malicious destruction, by fire or explosion, of any building, vehicle, or other real or personal property used in interstate commerce or used in any activity affecting interstate commerce. The facts to support the issuance of a search warrant are as follows:

# AFFIDAVIT

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter ATF) assigned to the Saint Louis Field Office where I am currently detailed to work firearms, fire, and explosives cases. I have been employed as a Special Agent with ATF for over twelve (12) years. I am a graduate of the ATF National Academy and the Criminal Investigator School, both of which are located at the Federal Law Enforcement Training Center in Glynco, Georgia. Since 2010, I have been designated as a Certified Fire Investigator Candidate and a Certified Fire Investigator (CFI) by ATF, and have regularly conducted fire and explosion scene investigations and follow-up criminal investigations regarding arson and explosives.

2. I make this affidavit in support of a warrant to seize and search a Security System Digital Video Recorder, Model A-ADRP9E-240, and a First Alert Household Fire and Burglary and Warning System Control Unit, Enclosure Issue # AZ-2842, containing an Alarm System Control Panel, currently located at Almost Country Storage Inc., Storage Unit # 841, 120 Troy Road, Collinsville, IL 62234, within the Southern District of Illinois.

3. This affidavit seeks to search for and to seize contraband, evidence or instrumentalities of violations of Title 18, United States Code, Section 844(i), specifically evidence related to the malicious destruction, by fire or explosion, of any building, vehicle, or other real or personal property used in interstate commerce or used in any activity affecting interstate commerce.

4. The statements contained in this affidavit are based on my personal knowledge and information provided to me by other law enforcement officers and other persons. In the course of preparing this affidavit and conducting the present investigation, I have consulted with agents and investigators with specialized training and experience in digital evidence and forensics. Because this

affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of a violation of Title 18, United States Code, Section 844(i), is located within a Security System Digital Video Recorder, Model A-ADRP9E-240, and a First Alert Household Fire and Burglary and Warning System Control Unit, Enclosure Issue # AZ-2842, containing an Alarm System Control Panel, both of which are currently located at Almost Country Storage Inc., Storage Unit # 841, 120 Troy Road, Collinsville, IL 62234.

## Background of Investigation

5. On or about October 31, 2011, at approximately 12:00 a.m., the Community Fire Protection District and Overland Police Department responded to the BP Gas Station and Convenience Market located at 8610 Lackland Road, Overland (Saint Louis County), Missouri 63114, which was engulfed in flames.

6. An examination of the building revealed that the door on the south side of the BP Gas Station and Convenience Market was ajar and exhibited signs of pry/tool marks indicating forced entry prior to the arrival of fire and police personnel. On the south exterior wall of the structure was graffiti sprayed with pink paint that said, "Last Chance Lev [sic]." On the northeast rear exterior, wall graffiti of an unknown symbol was found in green spray paint. An open cash register drawer was located on the floor behind the counter. A closed cash register drawer was found by the entrance that accesses the area behind the store counter.

7. An area canvass revealed a witness who observed a van parked between the gas pumps and dumpster of the BP Gas Station and Convenience Food Market. A trail of fire existed

between the vehicle and the front of the building. The van fled westward away from the building prior to the arrival of fire and police personnel.

8. An area canvass revealed another witness who heard glass breaking and someone yelling "Oh shit!" from the area of the BP Gas Station and Convenience Food Market. The witness observed flames coming from the building, and saw a van speeding westward away from the gas station prior to the arrival of fire and police personnel.

9. Detective Dave Sandbach with the Saint Louis County Police Department Arson and Explosives Unit responded to the BP Gas Station and Convenience Food Market in order to conduct a fire scene examination. During the course of his fire scene examination, Detective Sandbach observed, among other things, that a portion of the ceiling and metal roof supports in the southeastern section of the building was discolored in some locations as well as slightly bent and twisted, indicating prolonged exposure to intense heat and direct flame impingement. While examining the sales counter area, Detective Sandbach noted a slight odor that he associated with gasoline. Detective Sandbach took a sample of fire debris from this area for later laboratory analysis. While examining the floor area just inside of the south access door that had been pried open prior to the arrival of fire and police personnel, Detective Sandbach again noted the slight odor of gasoline. Detective Sandbach also observed that some of the floor tile had an irregular burn pattern, consistent with the possible introduction of an ignitable liquid onto the flooring. Upon removal of some of the fire debris, as well as the threshold from the floor in the south doorway, Detective Sandbach noted a much stronger odor of gasoline coming from the debris beneath the threshold of the door. A sample of fire debris was taken from this area by Detective Sandbach for later laboratory analysis.

10. Based upon his examination of the fire scene, Detective Sandbach determined that the fire originated at floor level near the south access door and extended northward into the business. Based upon his observations of the flooring in the counter area and south access door, Detective Sandbach determined that the fire was incendiary in nature, and started with the introduction of an unknown ignitable liquid onto ordinary combustible materials having been ignited by a flame producing device.

11. A review of the Saint Louis County Police Department Crime Laboratory Arson Analysis Report revealed that both samples of fire debris seized by Detective Sandbach disclosed the presence of gasoline.

12. In December 2011, Overland Police Department contacted me and requested ATF assistance with investigating the BP Gas Station and Convenience Food Market fire.

13. During the course of ATF's involvement with the investigation, I reviewed a copy of a fire investigation report prepared by ACS Investigative Services, Inc., (hereinafter ACS) that was received from the Overland Police Department in July 2012. ACS is a privately owned company specializing in fire scene investigation and expert testimony on behalf of the insurance industry and those involved in potential civil litigation. ACS was requested by Keary Claim Service, on behalf of EMC Insurance Companies, to conduct an origin and cause determination for the fire loss at 8610 Lackland Road, Overland, Missouri 63114, occurring on or about October 31, 2011.

14. Among other things in the report, I learned that the ACS investigator observed that a central alarm system was installed within the structure at the time of the fire; however, the power cord for the main alarm system control panel had been cut prior to the fire. The transformer plug, which would have provided electricity to the unit, was not found. I also learned that the building was

equipped with a closed circuit video surveillance camera system that recorded to a DVR. The ACS investigator located the DVR within a metal mounting box in the office; however, the power cord for the unit was unplugged at the time of the fire.

15. In addition, I learned that an ACS investigator recovered eight items of physical evidence from the fire scene. Among these items were the surveillance system DVR recovered from the office and the alarm system control panel recovered from the office.

16. In August 2012, your Affiant spoke with the ACS investigator who provided identifying information regarding the DVR and the alarm system control panel as described more fully in the caption and paragraph 2 of this Application and Affidavit for Search Warrant as a Security System Digital Video Recorder, Model A-ADRP9E-240, and a First Alert Household Fire and Burglary and Warning System Control Unit, Enclosure Issue # AZ-2842, containing an Alarm System Control Panel. The ACS investigator confirmed that these items were intact, and that they were located at Almost Country Storage Inc., Storage Unit # 841, 120 Troy Road, Collinsville, IL 62234, within the Southern District of Illinois. The ACS investigator also stated that there was a good likelihood that recoverable data could be retained from the devices. Since the ACS investigator collected and secured the items from the fire scene, the items have not been further examined.

17. I spoke with an Investigator with the EMC Insurance Company who told me that the EMC Insurance Company did not intend to examine the Security System Digital Video Recorder, Model A-ADRP9E-240, and a First Alert Household Fire and Burglary and Warning System Control Unit, Enclosure Issue # AZ-2842, containing an Alarm System Control Panel, and that the I would have to get a Search and Seizure Warrant in order to take possession of these items. I was also informed that, if a Search and Seizure Warrant is obtained for the subject property, a fire scene

investigator with ACS will be present to show me the exact location of these items in the storage facility.

18.     During this investigation, I have learned that, with respect to an alarm system control panel, an "Event Log" is typically stored on a temporary memory cache which would record the installation and initial activation of the system, alarm arming and disarming, "trouble alerts," zones where the "trouble alerts" originated, and transmission of alarm activations – all of which may be time and date stamped.

19.     During this investigation, I learned that a security system DVR digitally records and stores video images from surveillance cameras that are positioned throughout a structure. These images can usually be retrieved by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. These images may also be retrieved by a built-in Compact Disc (hereinafter CD) read-write drive. Most security system DVRs are programmed with software that time and date stamps the digital video images and allows for calendar searching of the digital video data.

20.     Based on my training, experience, and participation in this and other fire investigations and based on my discussions with other ATF Agents and Investigators, I know that:

    (a)     Individuals involved in arson-for-profit schemes commonly hire other individuals to set the fire in order to give themselves "plausible" alibis. In enlisting other co-conspirators, individuals involved in arson-for-profit schemes are able to be away from the fire scene or the area at the time of the fire in order to cast suspicion away from themselves;

    (b)     Individuals involved in arson-for-profit schemes commonly provide co-conspirators with access to the property to be burned. This access is sometimes provided in the form

of information about the location, and by surreptitiously providing the person setting the fire with keys, alarm arming and disarming codes, alarm information, and the location of video surveillance cameras. This is done in order to facilitate the arson and to ensure the fire appears accidental;

(c) Individuals involved in arson-for-profit schemes commonly know the location of surveillance cameras, keypads, alarm control panel boxes, and the security system DVR. These individuals know where the video images are stored, either on location inside an internal storage media, remote storage location, or both. These individuals know how the alarm signal is transmitted to a central monitoring station. Knowledge of the operation of the security system provides the person setting the fire a way of disabling the system to avoid detection in order to provide time to intentionally start the fire and leave the scene without being noticed;

(d) Individuals involved in arson-for-profit schemes commonly believe that all evidence inside a fire scene is destroyed by a fire when, in fact, it is rarely so;

(e) Alarm systems, depending on the model and manufacture, may have a temporary storage cache or internal storage medium which records a finite number of events to include, but not limited to, the installation and initial activation of the system, alarm arming and disarming, "trouble alerts," zones where the "trouble alerts" originated, and transmission of alarm activations – all of which may be time and date stamped;

(f) Security system DVRs, depending on the model and manufacture, have a limited internal storage medium which records the video images from a finite number of surveillance cameras deployed throughout different areas of a structure to include, but not limited to, the perimeter, access points, inventory receiving and shipping, and where business transactions are conducted.

21.     Based on my knowledge, training, and experience, I know that property search retrieval, duplication, analysis, documentation, and authentication of all such electronically stored alarm system data and electronically stored security system DVR data require analysis by a qualified alarm and video technician or specialist. This information can sometimes be recovered with forensics tools.

22.     Based on the above information, I believe there is probable cause to believe that the Security System Digital Video Recorder, Model A-ADRP9E-240, and the First Alert Household Fire and Burglary and Warning System Control Unit, Enclosure Issue # AZ-2842, containing an Alarm System Control Panel, both of which are currently located at Almost Country Storage Inc., Storage Unit # 841, 120 Troy Road, Collinsville, IL 62234, contain information regarding the identification of, planning of, execution of, or evidence of a crime, to wit, violations of Title 18, United States Code, Section 844(i). Therefore, I respectfully request that a search warrant be issued for the seizure and search of the above-described for the retrieval of the items set forth in Attachments A and B.

23. Disclosure of the contents of this application and affidavit and the search warrant could have adverse results such as flight from prosecution, intimidation of potential witnesses, or otherwise have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness. For that reason, we request that the application and search warrant be sealed.

FURTHER AFFIANT SAYETH NAUGHT.

_Kurt S. Franzi_
Kurt S. Franzi, Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

STEPHEN R. WIGGINTON
United States Attorney

_Angela Scott_
ANGELA SCOTT
Assistant United States Attorney

State of Illinois    )
                     ) SS.
County of St. Clair  )

Sworn to before me, and subscribed in my presence on the 31ˢᵀ th day of August, 2012, at East St. Louis, Illinois.

_Stephen C. Williams_
STEPHEN C. WILLIAMS
United States Magistrate Judge

-10-

## ATTACHMENT A
## ITEMS TO BE SEIZED

All stored content related to the video surveillance monitoring security system tending to prove the activation or deactivation of the video system, as well as to prove the arming, disarming, activation, or deactivation of the alarm system, furthering the conspiracy of Title 18, United States Code, Section 844(i), the malicious destruction, by fire or explosion, any building, vehicle, or other real or personal property used in interstate commerce or used in any activity affecting interstate commerce, including, but not limited to:

1. Video images stored on the security system DVR;

2. Records, items and documents reflecting the inputting of codes to employ, deploy the DVR video security surveillance system, or to deactivate or negate a video camera activation;

3. Records, items and documents reflecting the activation or deactivation of any video surveillance camera;

4. Records, items and documents reflecting maintenance, repair, or the initial installation and/or un-installation of the video DVR video surveillance system; and/or

5. Records, items and documents reflecting any tampering or unauthorized alterations or changes to the DVR video surveillance system.

## ATTACHMENT B
## ITEMS TO BE SEIZED

All stored content related to alarm system usage, and content tending to prove the arming, disarming, activation, or deactivation of the alarm system, furthering the conspiracy of Title 18, United States Code, Section 844(i), the malicious destruction, by fire or explosion, any building, vehicle, or other real or personal property used in interstate commerce or used in any activity affecting interstate commerce, including, but not limited to:

1. Records, items and documents reflecting the inputting of codes to arm, disarm the alarm system, or to deactivate or negate an alarm activation;

2. Records, items and documents reflecting the activation or deactivation of any alarm;

3. Records, items and documents reflecting maintenance, repair, or the initial installation and/or un-installation of the alarm system; and/or

4. Records, items and documents reflecting any tampering or unauthorized alterations or changes to the alarm system.